UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**WILFRED HOUSTON BLAIR,**
**#37549-083,**

                            **Petitioner,**

v.                                                 **ACTION NO. 2:22cv278**

**D. LEU, Warden,**

                           **Respondent.**

## REPORT AND RECOMMENDATION

In this petition for habeas relief under 28 U.S.C. § 2241, Petitioner Wilfred Houston Blair challenges a decision by the Bureau of Prisons ("BOP") to remove him from a residential drug treatment program available to inmates, completion of which confers eligibility for a discretionary sentence reduction. (ECF No. 1). Because the BOP's decision is not subject to judicial review under the Administrative Procedures Act ("APA") and Blair's claims fail to plausibly allege a constitutional or legal defect in the BOP's application of the relevant statutes and regulations,[1] this Report recommends Blair's petition be denied and dismissed.

## I.    FACTUAL AND PROCEDURAL HISTORY

Blair, a federal inmate, is serving a 165-month federal prison sentence following his

---

[1] The BOP never reviewed the merits of Blair's claims, denying his appeal at each level of the agency's review process on the ground that his initial appeal was untimely. Mot. for Leave to File Am. Compl. (ECF No. 8, at 4, 7, 10). Consequently, Respondent argues that Blair failed to exhaust his administrative remedies before filing his petition. Resp.'s Mem. (ECF No. 10, at 17–21). However, because this Report finds Blair's petition deficient on the merits, it does not consider or decide whether the petition could also be dismissed due to insufficient exhaustion of administrative remedies.

conviction for conspiracy to possess with intent to distribute and distribute controlled substances.[2] Mem. Supp. Mot. Dismiss ("Resp.'s Mem.") (ECF No. 10, at 5).  While serving his sentence at FCI Petersburg, Blair participated in the prison's Residential Drug Abuse Program ("RDAP"). The BOP created RDAP pursuant to Congressional authority to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b)(5).  Participating in RDAP is voluntary and placement decisions are made by the facility's Treatment Coordinator. 28 C.F.R. § 550.56.  To encourage participation, BOP offers a variety of incentives, one of which is eligibility for a sentence reduction of up to one year for non-violent offenders who successfully complete the program. 18 U.S.C. § 3621(e); Lopez v. Davis, 531 U.S. 230, 233 (2001).  The decision to grant an inmate a sentence reduction—even when the inmate has completed RDAP—is within the discretion of the BOP. 18 U.S.C. § 3621(e)(2)(B).

RDAP consists of three components: (1) a course of activities in a treatment unit at the inmate's correctional facility; (2) follow-up services; and (3) community-based treatment, typically occurring at a Residential Reentry Center ("RRC"), also known as a halfway house. 28 C.F.R. § 550.53(a).  On January 20, 2022, Blair was transferred from FCI Petersburg to the supervision of the Baltimore Residential Reentry Office, which then designated him to a halfway house for completion of RDAP's community-based treatment component.  Resp.'s Mem. (ECF No. 10, at 5). However, on March 24, 2022, the BOP removed Blair from the halfway house and redesignated him to FCI Petersburg, where he has remained since that date.  Id.  Blair asserts that he received no incident report, hearing, or violation providing notice as to why he was removed

---

[2] Originally sentenced to 267 months, Blair's sentence was later modified by court order. Resp.'s Mem., Ex. 1 (ECF No. 10-1, at 2, 10).

from the RRC.  Pet. (ECF No. 1, at 7).  According to the BOP, Blair was removed from the RRC because he was "contacting inmates at FCC Petersburg about plans to introduce contraband into the facility."  Resp.'s Mem. (ECF No. 10, at 6).  Due to his removal from community-based treatment, Blair failed to complete RDAP and therefore lost his chance to become eligible for the discretionary one-year sentence reduction available under 18 U.S.C. § 3621(e).  Id.

In his habeas petition in this court, Blair asserts a denial of due process under the Fifth Amendment and of equal protection under the Fourteenth Amendment in the BOP's decision to remove him from RDAP "for no reason" without notice.  Pet. (ECF No. 1, at 2, 6–7).  He seeks reenrollment in RDAP and reinstatement in the halfway house with the credit he had accrued toward program completion at the time of his removal.  Id. at 8.  On September 23, 2022, Respondent filed a Rule 5 Answer and Motion to Dismiss, (ECF No. 9), arguing that judicial review of any individual decision to remove an inmate from RDAP is not subject to review under the APA, Resp.'s Mem. (ECF No. 10, at 10–12).  Respondent also contends that Blair enjoys no due process liberty interest in RDAP's discretionary early release program.  Resp.'s Mem. (ECF No. 10, at 12–13).  As a result, Respondent argues Blair is not being detained in violation of the constitution or laws of the United States and states no claim for habeas relief.[3]  On October 11, 2022, Blair opposed the motion.  (ECF No. 13).

## II.    ANALYSIS

After considering Respondent's arguments and the claims set forth in the Petition, as well as Blair's opposition, this Report concludes that the BOP's decision to remove Blair from RDAP is not reviewable under the APA.  Additionally, Blair's due process and equal protection claims are contradicted by Supreme Court precedent establishing that the BOP's admittedly discretionary

---

[3] Respondent's brief does not address Blair's equal protection argument.

program of early release does not give rise to a protected liberty interest, and by Blair's failure to identify any similarly situated prisoner who was treated differently than he was.  Because Blair alleges no other cognizable basis on which to conclude that he is being held in violation of federal law, his habeas claim should be dismissed.

**A.**   **18 U.S.C. § 3625 expressly precludes judicial review of individual decisions foreclosing eligibility for a discretionary sentence reduction under § 3621(e).**

The decision to remove an inmate from RDAP (and therefore eliminate the possibility of an earned sentence reduction) is reserved to the discretion of the BOP under the language of 18 U.S.C. § 3621.  Congress specifically excluded these subsections from judicial review under the APA by the express terms of § 3625 which provides in relevant part "the provisions of § 554 and § 555 and §§ 701-706 of Title V, United States Code, [the APA] do not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625.  As a result, BOP's individual decision to remove Blair from RDAP and render him ineligible for the related discretionary sentence reduction is not reviewable by this Court under the act.  Ortega v. Fed. Bureau of Prisons, No. 1:19cv747, 2020 WL 1865068, at *2 (E.D. Va. Apr. 14, 2020) ("Because § 3625 precludes judicial review of the BOP's individualized determinations, including decisions to remove particular inmates from the RDAP program, this Court lacks jurisdiction to review [the defendant's] claim that he was expelled form RDAP without cause." (cleaned up)); Reed v. Wilson, No. 1:14cv652, 2015 WL 5165125, at *3 (E.D. Va. Sept. 2, 2015) ("[T]he BOP's decision to deny [the defendant] access to the discretionary sentence reduction provided by RDAP is not judicially reviewable.").

**B.**   **Blair has not plausibly alleged a violation of due process or equal protection.**

Blair's general argument that the BOP's action amounted to a denial of due process of law is not sufficient to state a claim for habeas relief.  To establish a violation of the due process clause,

Blair must first identify a liberty or property interest protected by the Fifth Amendment. <u>Am.</u> <u>Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 59 (1999). Generally, once validly convicted and sentenced, a prisoner has no constitutionally-protected liberty interest in early discretionary release. <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979). <u>See also</u> <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). If a statute permitting early release places no "substantive limitations on official discretion" in granting release, it implicates no liberty interest. <u>Olim v. Wakinekona</u>, 461 U.S. 238, 249 (1983).

Here, § 3621(e) grants virtually unfettered discretion to the BOP. The statute provides that eligibility for RDAP is "determined by the Bureau," § 3621(e)(5)(B)(i), and that the BOP "may" reduce the sentence of prisoners convicted of a nonviolent offense who completed RDAP, § 3621(e)(2)(B). Thus, it was within the BOP's discretion to remove Blair from RDAP—and even if he had not been removed, his access to a sentence reduction would still have been left to the discretion of the BOP. As a result, and as several courts have already held, denial of access to the program is insufficient to trigger a liberty interest subject to due process protection. <u>See</u> <u>Cook v.</u> <u>Wiley</u>, 208 F.3d 1314, 1322-23 (11th Cir. 2000); <u>Venegas v. Henman</u>, 126 F.3d 760, 765 (5th Cir. 1997); <u>Fonner v. Thompson</u>, 955 F. Supp. 638, 642 (N.D.W.Va. 1997). Because Blair has not articulated any other basis for his alleged due process violation, he has failed to state a claim for habeas relief on this ground.

With respect to his equal protection argument, his allegations also fail to plausibly allege a claim for relief. "[T]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination . . . ." <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently

from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." <u>Williams v. Hansen</u>, 326 F.3d 569, 576 (4th Cir. 2003) (quoting <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001)).  If such a showing is made, the court "proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." <u>Williams</u>, 326 F.3d at 576 (quoting <u>Morrison</u>, 239 F.3d at 654).

Here, Blair has failed to identify any similarly situated prisoner who was treated differently with regard to RDAP removal.  Rather, he asserts generally that he is "the only person [he] can find who has been sent from the halfway house back to prison while enroled [sic] in RDAP/TDAT that had no shot, incident report, and no violations." Pet. (ECF No. 1, at 7).  This allegation is insufficient to establish similarity in position or difference in treatment between Blair and any other prisoner for the purposes of an equal protection claim.  As such, Blair has not plausibly alleged a violation of equal protection.

### III.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss, (ECF No. 9), be GRANTED and that Blair's petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), be DENIED and the case DISMISSED with prejudice.

### IV.    REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, <u>see</u> 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of

the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.  A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.  See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

  2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

  The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 1, 2023